James J. Pisanelli, Bar No. 4027
Debra L. Spinelli, Bar No. 9695
M. Magali Mercera, Bar No. 11742
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101
Email: jjp@pisanellibice.com
Email: dls@pisanellibice.com
Email: mmm@pisanellibice.com

Jonathan D. Polkes (admitted pro hac vice)
Stephen A. Radin (admitted pro hac vice)
Caroline Hickey Zalka (admitted pro hac vice)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: 212.310.8770
Facsimile: 212.310.8007
Email: jonathan.polkes@weil.com
Email: stephen.radin@weil.com
Email: caroline.zalka@weil.com

Attorneys for Defendants Georges Antoun,
Kevin DeNuccio, Sarita James, Jay Leupp,
Merrick D. Okamoto, Said Ouissal, Simeon
Salzman, and Fred Thiel, and Nominal Defendant
Marathon Digital Holdings, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KIMBERLY BERNARD, Derivatively on Behalf of MARATHON DIGITAL HOLDINGS, INC. (f/k/a MARATHON PATENT GROUP, INC.), <br><br> Plaintiff, <br> v. <br><br> FRED THIEL, GEORGES ANTOUN, KEVIN DENUCCIO, SARITA JAMES, JAY LEUPP, SAID OUISSAL, MERRICK D. OKAMOTO, and SIMEON SALZMAN, <br><br> Defendants, <br> -and- <br><br> MARATHON DIGITAL HOLDINGS, INC. (f/k/a MARATHON PATENT GROUP, INC.), <br><br> Nominal Defendant. | Case No.: 2:22-cv-00305-RFB-NJK <br><br> **RESPONSE TO MOTION (ECF NOS. 34, 35, AND 36) TO CONSOLIDATE, APPOINT LEAD COUNSEL, AND INDEFINITELY STAY MAY 31, 2022 DEADLINE TO RESPOND TO MOTIONS TO DISMISS** |

1

| | |
|---|---|
| ROY STRASSMAN, Derivatively on Behalf of MARATHON DIGITAL HOLDINGS, INC. (f/k/a MARATHON PATENT GROUP, INC.), <br><br>Plaintiff,<br><br>v.<br><br>FRED THIEL, GEORGES ANTOUN, KEVIN DENUCCIO, SARITA JAMES, JAY LEUPP, SAID OUISSAL, MERRICK D. OKAMOTO, and SIMEON SALZMAN,<br><br>Defendants,<br>-and-<br><br>MARATHON DIGITAL HOLDINGS, INC. (f/k/a MARATHON PATENT GROUP, INC.),<br><br>Nominal Defendant. | Case No.: 2:22-cv-00724-ART-EJY<br><br>**RESPONSE TO MOTION (ECF NOS. 19, 20) TO CONSOLIDATE, APPOINT LEAD COUNSEL, AND INDEFINITELY STAY MAY 25, 2022 DEADLINE TO RESPOND TO MOTIONS TO DISMISS** |

## PRELIMINARY STATEMENT

These are almost word-for-word identical shareholder derivative actions in which plaintiffs purport to sue eight individuals on behalf of Nominal Defendant Marathon Digital Holdings, Inc. ("Marathon"). The lawsuit besmirches the names of these eight individuals, alleging that they breached their fiduciary duties as directors and officers of Marathon. The claims are meritless. Among other things, Nev. Rev. Stat. § 78.138(7) requires that a claim against a director or officer of a Nevada corporation allege "intentional misconduct, fraud or a knowing violation of law." No intentional misconduct, fraud, or knowing violation of law is alleged in plaintiffs' complaints.

Marathon and Defendants are entitled to have their motions to dismiss heard. Plaintiffs have had Defendants' moving papers since April 4, 2022. On April 18, 2022, the Court set a deadline for a response in the *Bernard* action: May 31, 2022. The Local Rules require a response in the *Strassman* action on May 25, 2022; that date has passed. Marathon and Defendants offered the plaintiff in the *Strassman* action an extension until May 31, so that the two near-identical complaints could be briefed in one rather than two rounds of briefing. Plaintiffs rejected that offer.

Instead, plaintiffs seek – and appear to have granted themselves – indefinite extensions of time. In plaintiffs' world, the filing of two near-identical complaints (instead of the usual practice, one complaint with two plaintiffs) entitles plaintiffs to an indefinite time to file a formal

2

consolidated complaint and exempts them from complying with court deadlines for responses to motions to dismiss. Upon learning of plaintiffs' position, Marathon and Defendants offered to stipulate to consolidation with a deadline for filing a consolidated complaint. Plaintiffs refused to stipulate or propose a deadline. Plaintiffs instead filed multiple motions for the obvious purpose of delay: stipulations take days; briefing and decisions on motions take months.

Today is May 27, 2022. If plaintiffs need a short amount of time beyond the May 31, 2022 deadline to commit to dates for a consolidated complaint addressing the deficiencies in plaintiffs' current complaints and briefing a new motion to dismiss, they need only ask. Marathon and Defendants will extend plaintiffs' counsel every reasonable professional courtesy – but not the many weeks plaintiffs seek by moving for consolidation rather than stipulating to consolidation.

If plaintiffs choose to default in the hope that the Court will retroactively extend deadlines, then the Court should dismiss plaintiffs' actions with prejudice to plaintiffs re-filing new actions asserting the claims asserted here in this Court or any other Court. If the Court chooses to forgive plaintiffs' default, the Court should order that plaintiffs file a consolidated complaint within seven (7) days of the Court's Order and respond to any renewed motion to dismiss within twenty-one (21) days of the filing of the renewed motion.

## STATEMENT OF FACTS AND ARGUMENT

On February 18, 2022, plaintiff Kimberly Bernard commenced Case No. 2:22-cv-305-RFB-NJK. ECF No. 1. On March 25, 2022, service was effectuated. ECF No. 6. On April 4, 2022, Marathon and Defendants filed a motion to dismiss the *Bernard* action. ECF No. 11. Plaintiff Bernard requested two months to oppose the motion to dismiss, and the parties stipulated to a May 31, 2022 due date for plaintiff's opposition. ECF No. 18. On April 18, 2022, the Court so ordered the schedule. ECF No. 26.

On May 5, 2022, plaintiff Roy Strassman commenced Case No. 2:22-cv-724-ART-EJY. ECF No. 1. Plaintiff Strassman's complaint copied, nearly word-for-word, the entirety of the complaint filed by Plaintiff Bernard, as follows, ignoring the deficiencies identified in the motion to dismiss the *Bernard* complaint filed on April 4, 2022:

3

| Bernard Compl. ¶ | Strassman Compl. ¶ | Bernard Compl. ¶ | Strassman Compl. ¶ | Bernard Compl. ¶ | Strassman Compl. ¶ | Bernard Compl. ¶ | Strassman Compl. ¶ |
|---|---|---|---|---|---|---|---|
| 1 | 1 | 24 | 24 | 47 | 47 | 70 | 73 |
| 2 | 2 | 25 | 25 | 48 | 48 | 71 | 74 |
| 3 | 3 | 26 | 26 | 49 | 49 | 72 | 75 |
| 4 | 4 | 27 | 27 | 50 | 50 | 73 | 76 |
| 5 | 5 | 28 | 28 | 51 | 51 | 74 | 77 |
| 6 | 6 | 29 | 29 | 52 | 52 | 75 | 78 |
| 7 | 7 | 30 | 30 | 53 | 55 | 76 | 79 |
| 8 | 8 | 31 | 31 | 54 | 56 | 77 | 80 |
| 9 | 9 | 32 | 32 | 55 | 57 | 78 | 81 |
| 10 | 10 | 33 | 33 | 56 | 58 | 79 | 82 |
| 11 | 11 | 34 | 34 | 57 | 59 | 80 | 83 |
| 12 | 12 | 35 | 35 | 58 | 60 | 81 | 84 |
| 13 | 13 | 36 | 36 | 59 | 61 | 82 | 85 |
| 14 | 14 | 37 | 37 | 60 | 63 | 83 | 86 |
| 15 | 15 | 38 | 38 | 61 | 64 | 84 | 87 |
| 16 | 16 | 39 | 39 | 62 | 65 | 85 | 88 |
| 17 | 17 | 40 | 40 | 63 | 66 | 86 | 89 |
| 18 | 18 | 41 | 41 | 64 | 67 | 87 | 90 |
| 19 | 19 | 42 | 42 | 65 | 68 | 88 | 91 |
| 20 | 20 | 43 | 43 | 66 | 69 | 89 | 92 |
| 21 | 21 | 44 | 44 | 67 | 70 | 90 | 93 |
| 22 | 22 | 45 | 45 | 68 | 71 | 91 | 94 |
| 23 | 23 | 46 | 46 | 69 | 72 | 92 | 95 |

The *Strassman* complaint made just four changes to the *Bernard* complaint: (1) the *Strassman* complaint double-spaces rather than single-spaces block quotes; (2) the *Strassman* complaint replaces female gender pronouns for the plaintiff with male gender pronouns; (3) the *Strassman* complaint corrects a typo (the *Bernard* complaint stated in paragraph 60 that "the Company Board was comprised of eight (6) members," while the *Strassman* complaint replaces "eight (6) members" with "six (6) members"); and (4) the *Strassman* complaint skips paragraph numbers 53, 54, and 62 in its numbering of paragraphs, resulting in a 95 paragraph complaint rather than a 92 paragraph complaint.

On May 11, 2022, Marathon and Defendants filed a motion to dismiss the *Strassman* action on the same grounds that Marathon and Defendants moved to dismiss the *Bernard* action. *Strassman* ECF No. 11. On May 17, 2022, the undersigned counsel proposed briefing the identical motion to dismiss on the same schedule the Court ordered in the *Bernard* action. Radin Decl. ¶ 3. On May 18, 2022, plaintiffs' counsel informed the undersigned counsel that plaintiffs intended to move to consolidate the cases and file a consolidated complaint before briefing the pending motions to dismiss. The undersigned counsel offered to stipulate to consolidation and asked

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101

plaintiff's counsel to propose a date for the filing of the consolidated complaint. *Id*. ¶ 4.

Plaintiff's counsel declined to stipulate or propose a date. *Id*. Instead, on May 23, 2022, plaintiffs filed multiple motions. The motions seek (1) consolidation – to which Marathon and Defendants had offered to stipulate, (2) a "Co-Lead Derivative Counsel" stamp of approval by the Court – completely unnecessary but something to which Marathon and Defendants would have stipulated to if asked, and (3) the only contested subject of the motions – a stay postponing the deadlines set in the Court's April 18, 2022 Order, indefinitely. *Bernard* ECF No. 34, 35, and 36; *Strassman* ECF No. 19, 20.

Marathon and Defendants oppose the indefinite stay plaintiffs seek and appear to have granted themselves notwithstanding the Court's April 18, 2022 Order. Counsel for the plaintiffs in the two actions admit that "from the inception of the litigation" they have been "coordinating together." *Bernard* ECF No. 34 at 3; *Strassman* ECF No. 20 at 2. Plaintiffs do not explain why two plaintiffs "coordinating together" chose to file a second near-identical complaint a month after a motion to dismiss their first complaint had been filed, rather than opposing the motion to dismiss or addressing deficiencies in their new complaint. Plaintiffs do not explain why the drafting of a consolidated complaint combining two near-identical complaints would require more than an hour or two of work by any one of the four law firms representing plaintiffs.

Deadlines in Court Orders should be enforced. If plaintiffs choose to oppose the pending motions to dismiss with a consolidated complaint addressing the deficiencies in plaintiffs' existing complaints, they may do so on May 31, 2022 – the date the Court so ordered on April 18, 2022. Marathon and Defendants will promptly respond to any such consolidated complaint. If plaintiffs need a short amount of additional time to oppose the pending motions to dismiss plaintiffs' two complaints, or commit to a date for a consolidated complaint curing the deficiencies in plaintiffs' first two complaints, Marathon and Defendants will extend every reasonable professional courtesy. But if plaintiffs choose to default in the hope that the Court will extend the deadlines plaintiffs have chosen to ignore, then the Court should dismiss plaintiffs' actions with prejudice to plaintiffs re-filing new actions asserting the claims asserted here in this Court or any other Court. If the Court chooses to forgive plaintiffs' default, the Court should order, as stated above, that plaintiffs

WEIL:\98647916\1\61707.0006

file a consolidated complaint within seven (7) days of the Court's Order and respond to any renewed motion to dismiss within twenty-one (21) days of the filing of the motion.

## CONCLUSION

For all of these reasons, Marathon and Defendants oppose plaintiffs' motion to indefinitely extend the deadlines set in this Court's April 18, 2022 Order and request that the Court dismiss plaintiffs' actions with prejudice to plaintiffs re-filing new actions asserting the claims asserted here in this Court or any other Court, or, if the Court chooses to forgive plaintiffs' default, the alternative relief stated above.

DATED this 27th day of May 2022.

PISANELLI BICE PLLC

By: /s/ M. Magali Mercera
James J. Pisanelli, Bar No. 4027
Debra L. Spinelli, Bar No. 9695
M. Magali Mercera, Bar No. 11742
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

  -and-

Jonathan D. Polkes (admitted pro hac vice)
Stephen A. Radin (admitted pro hac vice)
Caroline Hickey Zalka (admitted pro hac vice)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153

Attorneys for Defendants Georges Antoun, Kevin DeNuccio, Sarita James, Jay Leupp, Merrick D. Okamoto, Said Ouissal, Simeon Salzman, and Fred Thiel, and Nominal Defendant Marathon Digital Holdings, Inc.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of PISANELLI BICE PLLC and that, on this 27th day of May 2022, I caused to be served via the Court's CM/ECF program true and correct copies of the above and foregoing **RESPONSE TO MOTION (ECF NO. 34, 35, AND 36) TO CONSOLIDATE, APPOINT LEAD COUNSEL, AND INDEFINITELY STAY MAY 31, 2022 DEADLINE TO RESPOND TO MOTIONS TO DISMISS** in the *Bernard* action and **RESPONSE TO MOTIONS (ECF NOS. 19, 20) TO CONSOLIDATE, APPOINT LEAD COUNSEL, AND INDEFINITELY STAY MAY 25, 2022 DEADLINE TO RESPOND TO MOTIONS TO DISMISS** in the *Strassman* action to all parties via electronic service.

/s/ Cinda Towne
An employee of PISANELLI BICE PLLC

WEIL:\98647916\1\61707.0006